IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LONNIE FOWLER,                                               CV 07-1417-MA

        Petitioner,                    OPINION AND ORDER

    v.

J.E. THOMAS,
Warden, FCI-Sheridan,

        Respondent.


      LONNIE FOWLER
      Federal Register Number 98303-011
      Federal Correctional Institution
      PO Box 5000
      Portland, OR  97378-5000

         Petitioner, *Pro Se*

      KARIN J. IMMERGUT
      United States Attorney
      SCOTT ERIK ASPHAUG
      Assistant United States Attorney
      United States Attorney's Office
      District of Oregon
      1000 SW Third Avenue, Suite 600
      Portland, OR  97204-2902

         Attorneys for Respondent

MARSH, Judge:


1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner seeks a writ of habeas corpus commanding Respondent[1] to cease collecting restitution payments from Petitioner during his period of imprisonment, and commanding the United States Probation Officer not to collect restitution payments from Petitioner during any future period of supervised release.

On March 1, 2006 in the Northern District of California, Petitioner pleaded guilty to five counts of Unarmed Bank Robbery, in violation of 18 U.S.C. § 2113(a), as charged in two separate indictments. He was sentenced to a total of 48 months imprisonment, three years supervised release, $500 in assessments, and $5087 in restitution. The sentencing judge in both criminal cases being the same, the judgments are also almost identical. Both contain "Schedule of Payments" pages that state, *inter alia*:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
>
> A     [**x**] Lump sum payment of [$300/$200] due immediately.
>       [ ] not later than \_\_, or
>       [**x**] in accordance with (**x**)C, ( )D, ( )E or ( )F below;
> or

---

[1] J.E. Thomas was substituted for originally named Respondent Charles Daniels when Mr. Thomas became the new Warden of Federal Correctional Institution - Sheridan, February 8, 2008.

2- OPINION AND ORDER

B   [**x**] Payment to begin immediately (may be combined with
    ( )C, ( )D, or ( )F below; or

C   [**x**] Payment in equal quarterly installments of **$25.00**
    after the date of this judgment; or

D   [ ] Payment in equal (e.g. [*sic*] weekly, monthly,
    quarterly) installments of $ __ over a period of __
    (e.g., months or years), to commence __ (e.g., 30 or 60
    days) after release from imprisonment to a term of
    supervision; or

E   [ ] Payment during the term of supervised release will
    commence within (e,g, [*sic*] 30 or 60 days) after
    release from imprisonment. The court will set the
    payment plan based on an assessment of the defendant's
    ability to pay at the time; or

F   [ ] Special instructions regarding the payment of
    criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

According to Petitioner, when he arrived at FCI-Sheridan the BOP began unlawfully withdrawing quarterly restitution payments of $25 from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, *et seq*. Petitioner contends the BOP's collection of these payments contravenes the Mandatory Victims Restitution Act of 1996 (MVRA)[2], and *United States v. Gunning*, 339 F.3d 948 (9th

---

[2] The MVRA states, in relevant part, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...". 18 U.S.C. § 3664(f)(2).

3- OPINION AND ORDER

Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*), because the sentencing court did not fix a schedule for payment of restitution during Petitioner's period of imprisonment.

By his answer dated December 5, 2007, Respondent urges me to deny Petitioner the relief he requests on the basis that the sentencing court did, in fact, fix a schedule for restitution payment during Petitioner's period of imprisonment.

I concur with Respondent's's interpretation of the above cited portion of the "Schedule of Payments." The "Schedule of Payments" pages in the judgments at issue here do fix a schedule for restitution payment during the period of imprisonment. Read together, the checked and unchecked portions of the "Schedule of Payments" pages reveal that the sentencing court made the following arrangements for payment of Petitioner's criminal monetary penalties: (1) a total assessment of $500 was due immediately; (2) payment of all other criminal monetary penalties (including restitution) was to begin immediately following entry of the judgment, in equal quarterly installments of $25.00; (3) these payments were due during the period of imprisonment, and would continue on the same payment schedule once Petitioner was released for his term of supervision. Any doubt about whether the sentencing court intended the $25.00 quarterly payment to apply to Petitioner's period of imprisonment is removed by the

4- OPINION AND ORDER

passage stating that the court would have "expressly ordered otherwise" if it wished for criminal monetary penalties not to be due during imprisonment.

Therefore, I do not find any merit to Petitioner's claim that the sentencing court unlawfully delegated its authority under the MVRA to the BOP, or to the United States Probation Office, to set the schedule according to which Petitioner's restitution sentence is to be paid.

## **CONCLUSION**

Based on the foregoing, Petitioner's habeas corpus petition (#2) is DENIED. All other outstanding motions are denied as moot.

IT IS SO ORDERED.

DATED this 31_ day of March, 2008.

                      /s/ Malcolm F. Marsh
                      Malcolm F. Marsh
                      United States District Judge